## FAIRBANKS v. WOODHOUSE et al.

Mining laws, when introduced in evidence, are to be construed by the Court, and the question whether by virtue of such laws a forfeiture had accrued, is a question of law, and cannot, therefore, be properly submitted to a jury.

Where no question of jurisdiction is raised by the pleadings, it is error to instruct the jury " that if they believe a certain fact, they must find for the defendant, as the existence of that fact will establish a want of jurisdiction over the case ;" because as the pleadings stand, such a verdict is a complete ·bar to another action, to which the plaintiff is entitled in another Court, if the verdict against him was rendered in pursuance of such an instruction.

APPEAL from the County Court of Mariposa County.

Action for restitution of a mining claim and for damages, appealed from a Justice's Court.

On the trial, the Court below, on the request of defendants, gave, among others, the following instructions :    " First, that if the jury believe, from the evidence, that the claim in controversy, through plaintiff's neglect or abandonment, was forfeited by the mining law governing

it at the time of defendants taking possession, they must find for the defendants." * * * "Third, if the jury shall believe, from the testimony, that the mining claim in controversy was, at the commencement of this suit, and is at the present time, of more value than two hundred dollars, their verdict should be for the defendants; because justices of the peace have no jurisdiction to try the right to a mining claim when its value exceeds the value of two hundred dollars."

Neither the complaint nor answer avers any value of the mining claim, nor is any question of jurisdiction raised by the pleadings, though the record shows that the defendants moved in the Justice's Court to dismiss the action on the ground that the value of the claim in dispute was $1000, which they were ready to verify. The jury rendered a verdict for defendants. Plaintiff moved for a new trial, which was denied, and judgment entered for defendants for $218 70 costs in Justice's Court and County Court. Plaintiff appealed.

*Wade and Flower* for Appellant.

The Court erred in charging the jury that if they believed, through plaintiff's neglect, etc., the claim was forfeited by the mining law, etc., they must find for defendants. This makes the jury judges of the mining law, which ought to be construed by, and is the province of the Court, and not of the jury.

It was error to instruct the jury if they believed the claim to be worth more than $200 when, etc., and at "the present time," to find for defendants. The jurisdiction of justices over mining claims is unlimited. O'Callaghan *v.* Booth and Deal, Cal. Reps., Oct. T., 1855, where a judgment for $285 was rendered by a justice of the peace and affirmed by the Supreme Court. Stat. 1856, concerning Courts of Justice, p. 134, subdivision 10.

The value of the claim is not put in issue by the pleadings. It is not alleged in the complaint. The answer does not raise it, but admits jurisdiction, waives objections on that head, and answers the allegations of plaintiff.

The testimony of value was at least irrelevant, should not have been admitted, and was calculated to prejudice plaintiff by raising extraneous issues after going to the jury, for which naturally he was unprepared.

Defendants cannot avail themselves, and are estopped by appearance and answer of this course. They should have pleaded to the jurisdiction, or after the close of the testimony moved for a dismissal for want of it. Chitty's Pleadings, Title "Pleas to the Jurisdiction," vol. 1, chapter 6, side page 441, third paragraph and note 6.

*Richard H. Daly* for Respondents.

Although the jurisdiction of mining claims is given to justices of the peace, that of the District Court remains unaffected if the amount in controversy exceeds $200. Hicks *v.* Bell, 3 vol. Cal. Rep., p. 219; Zander *v.* Coe, Cal. Rep., July Term, 1855, p. 50; Van Etten & Steele

*v.* R. Jilson *et als.*, Cal. Rep., January Term, 1856; Colby's Practice, p. 40; Holcombe's Digest, p. 424.

The Court below did not commit an error in its charge to the jury. Compiled Laws of California, p. 631, § 621.

Parties litigant cannot, by consent, give jurisdiction to Courts of Justice. But in this case the respondents did not consent. The respondents filed their motion in the Justice's Court to dismiss the case for want of jurisdiction.

Mr. Justice HEYDENFELDT delivered the opinion of the Court. Mr. Chief Justice MURRAY and Mr. Justice TERRY concurred.

The first charge to the jury, given by the Court, was clearly erroneous. Mining laws, when introduced in evidence, are to be construed by the Court, and the question whether by virtue of such laws a forfeiture had accrued, is a question of law. It was, therefore, improper to submit it to the determination of the jury.

The third instruction asked by the defendants was also improperly allowed. There was no issue, under the pleadings, which involved the question of the jurisdiction of the Court, and that question ought, therefore, not to have been left to the jury. As the pleadings stand, the verdict would operate as a complete bar to any subsequent action by the plaintiff; whereas if, upon proper pleadings, the finding against him was the result of want of jurisdiction in the justice of the peace, he would still have his right of action in the District Court.

For these reasons the judgment is reversed, and the cause remanded.